AMOS M. LYON, Respondent, *against* THE NEW YORK, SUSQUEHANNA, AND WESTERN RAILROAD COMPANY, Appellant.

(Decided April 2d, 1888.)

The provision in a mortgage securing payment of bonds, that a majority of the bondholders may waive the right given therein to consider the principal due by a default in the payment of interest coupons, does not affect the right to sue on such coupons. Such a waiver does not waive the default in the payment of the coupons. Nor does the provision that the trustee may execute the power of entry and sale of the mortgaged property in case of default, and forbidding holders of bonds from taking proceedings at law or in equity to foreclose or procure a sale of such property independently of the trustee, prevent such suit. The proceedings referred to are such as have for their direct object such sale, and not an action at law, the judgment in which is to be collected by execution.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury.

The action was brought to recover upon coupons — 80 debenture coupons of $15 each, being six months' interest on debenture bonds, payable February and August, 1887 ; six coupons of first mortgage bonds $30 each, payable January

and July, 1887; and interest on debenture coupons due February and August, 1887.

*Charles V. Yates*, for appellant.

*Leon Abbett*, for respondent.

J. F. DALY, J. — Objection was made to the admission in evidence of the coupons and the bonds from which they had been detached, on the ground that they had not been proved. A reference to the pleadings shows that the due execution and issue of the bonds and coupons was admitted. In paragraph second of the complaint it is alleged that the defendant duly issued the 40 bonds afterwards described, which said bonds were duly signed, certified, and attested, and sold by defendant. The answer admits the allegations of the second paragraph. The issue of the other bonds and obligations is averred and not denied.

The principal defense is that by the terms of the bonds and of the mortgage given to secure them the plaintiff is barred from maintaining this action upon the coupons. The mortgage provides that upon default in the payment of the coupons, continuing for 90 days, the principal of the bonds shall become due and payable at the option of the trustee; but that a majority of the bondholders may waive the right to consider the principal due. This provision does not affect the right to collect the interest. The bondholders may waive the right to consider the principal due, but the default in payment of interest is not thereby waived. There was not, however, any waiver by the bondholders in the manner required by the mortgage, viz.: by an instrument in writing; nor in fact was there any direct waiver. A majority of them surrendered their bonds and received bonds of a new issue at a lower rate of interest and other securities. The plaintiff did not participate in the arrangement.

Another clause of the mortgage is relied upon to defeat a recovery upon the coupons; it provides that the trustee

may execute the power of entry and sale of the mortgaged property in case of default, and forbids the holders of bonds from taking proceedings at law or in equity to foreclose or to procure a sale of the said property independently of the trustee, etc. This provision undoubtedly applies only to proceedings such as the trustee might take, and not to actions at law to collect overdue interest, which actions he could not bring. The proceedings at law or in equity to foreclose or procure a sale of the property covered by the mortgage, means such proceedings as have for their direct object such sale, and not an action at law, the judgment upon which is to be collected by execution. It does not necessarily follow that such execution will be collected by a sale of the property covered by the mortgage. There is no question as to the right of the holder of coupons to sue and collect at law notwithstanding the mortgage (Jones Railroad Securities § 337, and cases cited).

The matters set up in the answer are not defenses available to the company. If it be inequitable for the holder of bonds or coupons who has recovered judgment upon them to collect them out of the mortgaged property because such property is insufficient for the payment of the principal and interest of all the bonds, it is for the trustee or other bondholders to seek to restrain the collection of the judgment (*Fish* v. *N. Y. W. P. Co.*, 29 N. J. Eq. 16). But there is no defense at law to these coupons available to the company according to the terms of the bonds or the mortgage.

For these reasons I think the judgment of the City Court was right and that it should be affirmed, with costs.

VAN HOESEN, J., concurred.

Judgment affirmed, with costs.